99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory R. CZERKIES, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE and United States Department of
Labor, Defendants-Appellees.
 No. 95-3223.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 3, 1996.
Decided Oct. 16, 1996.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The appellant, Gregory Czerkies, was injured in the course of his employment by the Postal Service. After failing to obtain worker's compensation from the Department of Labor, he brought three essentially identical suits. In the first two, he claimed that the procedures employed by the Department in processing his claim violated due process. Both suits were dismissed. The judgment in the first case was not appealed; the judgment in the second was affirmed, Czerkies v. U.S. Dept. of Labor, 73 F.3d 1435 (7th Cir.1996) (en banc). The third suit, which was also dismissed and which is the subject of the present appeal, is identical to the second except that it adds the U.S. Postal Service as a defendant and seeks reinstatement. Insofar as the suit attacks the Department of Labor (a codefendant), it is plainly barred by res judicata. Insofar as it attacks the Postal Service, it is equally clearly barred by collateral estoppel, because the attack is based entirely on the alleged denial of due process by the Department of Labor. These seem to us the most obvious grounds for dismissing the third suit. The district judge had another ground for the dismissal of the suit against the Postal Service--Czerkies' failure to exhaust his remedies under the collective bargaining agreement between his union and the Postal Service. And that is a good ground too.
 
 
 2
 In fact the suit and appeal are frivolous, and we warn Mr. Czerkies, who is not a lawyer and whose latest appeal brief reveals that he is not knowledgeable about the law, that it is time to close the books on the 1981 injury. Future frivolous litigation arising from that injury will result in the imposition of sanctions. This appeal, being frivolous, is
 
 
 3
 DISMISSED.